FILED
2015 Aug-20  AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **DARLENE H. EDMONDS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **RUSHMORE LOAN** | ) | |
| **MANAGEMENT SERVICES, and** | ) | |
| **TASHA DOE,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT AND JURY TRIAL DEMAND

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of state law violations.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiff, Darlene H. Edmonds, is a natural person who resides in Bibb County, Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Rushmore Loan Management Services, (hereinafter referred to as "Rushmore") is an entity engaged in servicing residential mortgage loans that are in default when the servicing rights are acquired.  Rushmore has engaged in this business in the State of Alabama, but maintains a principal place of business in some state other than the State of Alabama.  Rushmore is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant, Tasha Doe, (hereinafter "Defendant Tasha") is believed to be a natural person who was employed at all times relevant herein by Rushmore as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The true identity of Tasha Doe is unknown at the time of filing this Complaint.

## FACTUAL ALLEGATIONS

7.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    The alleged debt at issue is related to a promissory note and residential mortgage with Bank of America. The note and residential mortgage is

secured by property located at 13168 Jacqueline Drive, Lake View, Alabama 35111.

9.     Plaintiff fell behind on her mortgage payments to Bank of America and the debt went into default in the end of 2012.

10.    Plaintiff filed a Chapter 7 Bankruptcy Petition on January 24, 2013.

11.    On or about January 28, 2013, Plaintiff vacated the real property located at 13168 Jacqueline Drive, Lake View, Alabama 35111.

12.    The Petition was filed in the Northern District of Alabama.

13.    The Case Number is 13-00283-BGC7.

14.    The debt at issue was listed on the Petition.

15.    Notice of the bankruptcy Petition was sent to Bank of America.

16.    No entity objected to the discharge-ability of the debt.

17.    On April 23, 2013, the Bankruptcy Court issued an Order discharging the debt.

18.    The debt was not reaffirmed.

19.    The Discharge Order was sent to Bank of America.

20.    The Discharge Order states in relevant part: "IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)."

21.    After the Plaintiff received her discharge order, Bank of America assigned

the debt and/or transferred servicing rights of the debt to Rushmore.

22.   The debt was in default when Rushmore was assigned the debt and/or obtained servicing rights to the debt.

23.   In December of 2014, Rushmore and/or its agents began contacting the Plaintiff by telephone. From December of 2014, to June of 2015, Rushmore and/or its agents contacted the Plaintiff's cell phone approximately fourteen (14) times.

24.   During the initial collection phone call from Rushmore and/or its agent, Plaintiff informed Rushmore and/or its agent that she had filed for bankruptcy. The Plaintiff further stated that she was not supposed to be receiving these calls because she filed for bankruptcy. Rushmore and/or its agent stated that they were not attempting to collect any money but were trying to get a deed in lieu of foreclosure.

25.   However, instead of Rushmore just attempting to negotiate a deed in lieu of foreclosure with the Plaintiff, Rushmore and/or its agents began mailing monthly billing statements to the Plaintiff in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C § 1692a(2).

26.   According to the most recent mortgage statement dated July 1, 2015, the balance of the mortgage loan is $119,114.78, and the "total amount due",

which Rushmore demanded, was $26,508.78.

27.    Said statement also reflects that late charges and property preservation fees being added onto the amount due because the Plaintiff has not been paying the debt. *See attached Exhibit 1.*

28.    It is illegal to attempt in any manner to collect this discharged debt.

29.    Instead of doing what is reasonable and what any honorable debt collector would do, however, Rushmore has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

30.    Rushmore has misrepresented the character, nature, and amount of the debt, as no debt is owed.

31.    Rushmore has misrepresented not only the existence of the debt, but also the consequences that it will impose upon the Plaintiff if the Plaintiff does not give in to the demands of Rushmore.

### *May 25, 2015*

32.    On or about May 25, 2015, Defendant Tasha left a voice mail message on Plaintiff's cellular phone in an effort to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33.     Defendant Tasha stated on the voice mail, "**Hi, this message is for Darlene Edmonds, this is Tasha with Rushmore Loan Management. Please give me a call back, the number is 888-504-7300.**"

*June 12, 2012*

34.     On or about June 12, 2015, Defendant Tasha left a voice mail message on Plaintiff's cellular phone in an effort to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

35.     Defendant Tasha stated on the voice mail, "**Hi, this message is for Darlene Edmonds, this is Tasha calling with Rushmore Loan Management Services. Please give me a call back, the number is 888-504-7300, thank you.**"

36.     The above-described collection communication made to Plaintiff by Defendant Tasha who was employed by Rushmore were made in violation of provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(11).

37.     Defendants admit that they are debt collectors with respect to their conduct towards the Plaintiff.

## <u>SUMMARY</u>

38.     All of the above-described collection communications made to Plaintiff by Defendants were made in violation of the FDCPA.

39.   The Defendants violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692d(5), 1692e, 1692e(2), 1692e(10), 1692e(11) 1692f, and 1692f(1).

40.   The above-detailed conduct by Rushmore of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

41.   The above detailed conduct by Rushmore reflects their knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof Rushmore willfully, maliciously, recklessly, and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that Rushmore wanted to cause.

42.   This abusive collection by Rushmore caused Plaintiff stress and anguish.

43.   Rushmore attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

44.   Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the

illegal conduct of Defendants.

45.   The Plaintiff's anxiety levels would increase during each of the phone calls she received from the Defendants.   When the Plaintiff's anxiety levels increase, her pain levels also increase.

46.   The only way that abusive debt collectors like Defendants will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

47.   A significant punitive damage award will get the attention of Defendants and other abusive debt collectors from gaining an unfair competitive advantage over honorable law abiding debt collectors so that they will realize that it no longer makes economic sense to abuse consumers.

48.   A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

## RESPONDEAT SUPERIOR LIABILITY

49.   The acts and omissions of Rushmore's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal, Rushmore.

50.   The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Rushmore in collecting consumer debts.

51.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Rushmore.

52.   Rushmore is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

53.   Rushmore negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following:  1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, and 1692f(1).

57. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

### COUNT II. INVASION OF PRIVACY

57. Plaintiff incorporates by reference all of the paragraphs of this Complaint as

though fully stated herein.

58.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Rushmore violated Alabama state law as described in this Complaint.

59.   Congress explicitly recognizes a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:  **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

60.   Rushmore and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

61.   Rushmore and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

62.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

63.     The conduct of Rushmore and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Rushmore which occurred in a way that would be highly offensive to a reasonable person in that position.

64.     The conduct of Rushmore went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

65.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Rushmore.

66.     All acts of Rushmore and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Rushmore is subject to punitive damages.

## COUNT III. NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

67.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

68.     Rushmore negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages

suffered by Plaintiff.

69.   Had Rushmore hired competent debt collectors, the violations described in this Complaint would not have occurred.

70.   Had Rushmore properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred. Rushmore carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

71.   Rushmore knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of Rushmore.

## COUNT IV NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

72.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

73.   Rushmore owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

74.   Rushmore owes a duty to consumers against whom it is collecting to act reasonably.

75.   All of the actions described in this Complaint demonstrate that Rushmore did not act reasonably towards the Plaintiff.

76. Rushmore, by its described conduct, breached its duty to act reasonably towards Plaintiff.

77. Rushmore proximately caused injuries and damages to Plaintiff which were of the precise nature that Rushmore anticipated causing when it breached its duty to act reasonably.

78. Rushmore knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

79. Rushmore acted with full knowledge and with the design and/or intent to cause harm to Plaintiff.

80. Rushmore was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of Rushmore when dealing with consumers who do not pay debts that Rushmore alleges are owed.

81. Rushmore acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

82. Rushmore violated all of the duties Rushmore had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

83. It was foreseeable, and Rushmore did in fact foresee it, the actions of Rushmore would lead and did lead to the exact type of harm suffered by

Plaintiff.

84.     Rushmore acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint. Rushmore invaded the privacy of Plaintiff as set forth in Alabama law.

85.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

86.     As a result of this conduct, action, and inaction of Rushmore, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

### COUNT I.  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

•       for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

•       for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

•       for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §  1692k(a)(3) against Defendants; and

- for such other and further relief as may be just and proper.

## COUNT II.  INVASION OF PRIVACY

- for an award of actual damages from Rushmore for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT III.  NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Rushmore for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper.

## COUNT IV.  NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Rushmore for all damages including emotional distress suffered as a result of the intentional, reckless, and/or

negligent violations of state law in an amount to be determined at trial for

Plaintiff;

• 	 punitive damages; and

• 	 for such other and further relief as may be just and proper.



Respectfully submitted,

Dated:  August 19th, 2015                      /s/ S. Scott Allums
                                                    S. Scott Allums
                                                    S. Scott Allums, PC
                                                    506 North 18th Street
                                                    Bessemer, Alabama 35020
                                                    Telephone:  (205) 426-7080
                                                    Facsimile: (888) 341-6040
                                                    scott@allumslaw.com
                                                    **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA                              )
                                              )
COUNTY OF JEFFERSON                           )

      Plaintiff, Darlene H. Edmonds, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Darlene H. Edmonds

Subscribed and sworn to before me
this 19th day of August, 2015.

Notary Public
Commission Expires  7-15-18